# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **SHEILA RENEE POWELL,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:14CV00666 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **AYLOR, SUPERINTENDENT,** ) | By: James P. Jones |
| ) | United States District Judge |
| Respondent. ) | |

*Sheila Renee Powell, Pro Se Petitioner*

Sheila Renee Powell, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 2241. Because Powell is challenging the validity of her confinement under a judgment issued by a state court within this district, the Eastern District construed her petition as one arising under 28 U.S.C. § 2254, and transferred the case to this court. Upon review of the record, I conclude that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which she was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the state court system, through direct appeal or habeas

corpus proceedings, and ultimately presenting the claims to the highest state court with jurisdiction to consider them. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Powell is challenging the April 2014 judgment of the Greene County Circuit Court under which she stands convicted of two counts of embezzlement and sentenced to ten years in prison, with all but two years and eleven months suspended. In her § 2254 petition, Powell alleges that her trial attorney was ineffective in various respects, before and after her guilty plea and related to her attempt to obtain release on bond.

Claims that counsel provided ineffective assistance in a Virginia criminal case must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal. *See Lenz v. Commonwealth*, 544 S.E. 2d 299, 304 (Va. 2001). Powell offers no indication that she has filed a state court habeas corpus petition presenting her ineffective assistance claims to the Virginia courts, as required for exhaustion under § 2254(b). Until she has given the Supreme Court of Virginia an opportunity to address these claims, she has not exhausted her state court remedies. Moreover, court records available online indicate that Powell currently has a direct appeal pending in the Court of Appeals of Virginia, Case Number 1059-14-2, and that her petition for appeal was received on September 8, 2014. If Powell prevails on appeal, her claims of ineffective assistance may be mooted.

Thus, the petition and publically available information about her court proceedings indicate that Powell has available state court remedies that she has not yet exhausted, namely, her pending direct appeal, a subsequent appeal to the Supreme Court of Virginia, and a state court habeas corpus proceeding, if warranted. Therefore, I must dismiss her § 2254 petition without prejudice for failure to exhaust state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so).

A separate Final Order will be entered herewith.

DATED: December 10, 2014

/s/ James P. Jones
United States District Judge